IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED UMEZURIKE, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 4:CV-05-1275 |
| | : |
| BUREAU OF PRISONS, | : (Judge Jones) |
| | : |
| Defendant | : |

**MEMORANDUM AND ORDER**

August 26, 2005

**Background**

Albert Umezurike ("Plaintiff" or "Umezurike"), an inmate presently confined in the Allenwood Low Security Correctional Institution, in White Deer, Pennsylvania ("LSCI-Allenwood") initiated this pro se civil rights action in the United States District Court for the Northern District of Georgia. By Order dated June 16, 2005, the action was transferred to this Court.

Thereafter, Plaintiff has submitted an "emergency complaint" (doc. 5) which will be construed as a supplemental complaint and an application requesting leave to

1

proceed in forma pauperis.[1]  For the reasons outlined below, Umezurike's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Named as sole Defendant in the original and supplemental complaints is the Federal Bureau of Prisons ("BOP").  Plaintiff's original complaint generally contends that he was subjected to mental torture and mental abuse on March 23, 2005. Umezurike indicates that this alleged abuse caused him to suffer either a panic or anxiety attack.  As a result of the panic/anxiety attack, Plaintiff fell and hit his head on a concrete floor.  He purportedly suffered a concussion from the fall.

The original complaint asserts that unidentified members of the prison's health services department ignored Umezurike's condition and that he was placed in administrative segregation for six (6) days.  Plaintiff adds that while in administrative segregation he was denied adequate medical care.  Furthermore, Umezurike indicates that he was issued a meritless misconduct charge as a result of the March 23, 2005 incident. His original and supplemental complaints fail to specify what type of relief he is seeking.

---

1.  Umezurike completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.  The Court then issued an Administrative Order directing the Superintendent at LSCI-Allenwood to commence deducting the full filing fee from Plaintiff's prison trust fund account.

In his supplemental complaint, Plaintiff states that as a result of filing this action, prison officials have conspired to subject him to retaliatory and discriminatory mistreatment. The retaliation has purportedly included the denial of telephone privileges and a refusal by psychologist Pinkowski to provide him with reinstatement to needed mental health counseling. Umezurike adds that after a delay in treatment, an M.R.I. test ordered by ex-Warden Apker disclosed that he had suffered a "subdural hemorrhage" as a result of his March 23, 2005 fall. (See Rec. Doc. 5, at 1). However, Plaintiff is allegedly still being denied adequate treatment for this injury. Plaintiff's final supplemental claim contends that on July 13, 2005, current LSCI-Allenwood Warden Hogsten threatened him with a transfer to a maximum security prison.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Section 1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

As previously noted, the only Defendant named in either the original or supplemental complaints is the BOP. While ex-Warden Apker, current Warden Hogstern, and psychologist Pinkowski are mentioned by name in the supplemental complaint, there is no indication by Plaintiff that he wishes to name any of those individuals as defendants.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The United States and other governmental entities are not persons and therefore not proper defendants in a federal civil rights action. Accardi v. United States, 435 F. 2d 1239, 1241 (3d Cir. 1970); see also Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998); Figueroa-Garay v. Muncipality of Rio Grande, 364 F. Supp.2d 117, 128 (D. P. R. 2005). In Hindes, the Third Circuit held that a federal agency is not a "person" subject to § 1983 liability, whether or not it is in an alleged conspiracy with state actors. Hindes, 137 F.3d at 158. Similarly, in Shannon v. U.S. Parole Commission, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998), the district court stated that "Bivens claims may not be maintained against federal agencies." See also

Duarte v. Bureau of Prisons, 1995 WL 708427 *2  (D. Kan.  Nov. 3, 1995)(the BOP "is not a proper defendant in a Bivens action.")

As noted above, the only defendant named in Umezurike's present action is a  federal agency, the BOP, not a federal official.   Based upon an application of the above standards, since the BOP is not a properly named defendant, Plaintiff's complaint is subject to dismissal.

Since Umezurike's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  However, Plaintiff may reassert his present claims in a new action which names as defendants any prison officials who allegedly violated his constitutional rights.  Umezurike is also reminded that any new complaint should clearly state the type of relief he is seeking from the Court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's in forma pauperis motion is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court shall close this case.

4.	Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

<u>s/ John E. Jones III</u>
JOHN E. JONES, III
United States District Judge
